UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARIA MOREL,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,
FAMILY HEALTH CENTERS AT NYU
LANGONE F/K/A LUTHERAN FAMILY
HEALTH CENTER and BHUPENDRA
WAGLEY, M.D.,

                Defendants.
---------------------------------------------------------X

Case No. _____

**VERIFIED COMPLAINT**

        The plaintiff, by her attorneys, SILVER & KELMACHTER, LLP, as and for her Verified Complaint against the defendants, does allege as follows upon information and belief:

## JURISDICTION

        1.     This action arises under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680. This Court is vested with jurisdiction pursuant to 28 U.S.C. §1346(b).

## PARTIES

        2.     That at all times hereinafter mentioned, the plaintiff MARIA MOREL, was and still is a resident of the State of New York, County of Kings.

        3.     At all times hereinafter mentioned, FAMILY HEALTH CENTERS AT NYU LANGONE which was formerly known as LUTHERAN FAMILY HEALTH CENTER is/was a health care facility located at 150 55th Street, Brooklyn, NY 11220.

        4.     That at all times hereinafter mentioned, the defendant FAMILY HEALTH CENTERS AT NYU LANGONE which was formerly known as LUTHERAN FAMILY

1

HEALTH CENTER is/was a Federally Qualified Health Center (under the Consolidated Health Center Program) of Section 1905(l)(2)(B) of the Social Security Act.

5. At all times hereinafter mentioned, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER was owned, operated, maintained and managed by defendant UNITED STATES OF AMERICA, by its duly authorized representatives.

6. At all times hereinafter mentioned, the physicians, nurses and staff of FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER were employees of defendant UNITED STATES OF AMERICA.

7. That at all pertinent times, including from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, defendant FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER did commit tortious acts and/or omissions within the State of New York which subject them to the jurisdiction of this Court.

8. That at all times hereinafter mentioned, the defendant BHUPENDRA WAGLEY, M.D., was a physician duly licensed to practice medicine in the State of New York.

9. That at all times hereinafter mentioned, the defendant BHUPENDRA WAGLEY, M.D., did maintain an office for the practice of medicine at FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER located at 150 55th Street, Brooklyn, NY 11220.

10. That at all times hereinafter mentioned, the defendant BHUPENDRA WAGLEY, M.D., was an employee of defendant UNITED STATES OF AMERICA or the other defendant.

## CONDITIONS PRECEDENT TO SUIT

11.     On or about January 26, 2018, Plaintiff presented a claim for medical malpractice pursuant to 28 U.S.C. § 2675 to the relevant agency, the U.S. Department of Health and Human Services, which pertained to the subject matter herein.

12.     On or about May 21, 2018, the U.S. Department of Health and Human Services denied Plaintiff's claim.

13.     This action is being commenced within 6 months of the date of denial of Plaintiff's claim pursuant to 28 U.S.C. § 2401(b).

## AS AND FOR A FIRST CAUSE OF ACTION

14.     That from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, plaintiff, MARIA MOREL was a patient of defendant, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER.

15.     That from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, plaintiff, MARIA MOREL was a patient of defendant, BHUPENDRA WAGLEY, M.D.

16.     At all times hereinafter mentioned, defendant BHUPENDRA WAGLEY, M.D. was acting within the scope of her employment with defendant, UNITED STATES OF AMERICA and/or the other defendant.

17.     That from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, plaintiff, MARIA MOREL was examined, treated, tested and evaluated by defendants, UNITED STATES OF AMERICA, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER and

3

BHUPENDRA WAGLEY, M.D. and came under the care of their doctors, nurses and medical staff and/or those acting on their behalf and was a patient at their facility for the purpose of undergoing medical care.

18.     That from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, defendants, UNITED STATES OF AMERICA, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER, its agents, servants, employees, including but not limited to defendant, BHUPENDRA WAGLEY, M.D., rendered medical, nursing, diagnostic and other medical care, treatment, evaluation and services to plaintiff, MARIA MOREL.

19.     That from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, while plaintiff, MARIA MOREL was a patient of defendant UNITED STATES OF AMERICA, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER by their duly authorized doctor(s), nurse(s), staff, agents and employees, including but not limited to defendant, BHUPENDRA WAGLEY, M.D., they were negligent, careless, unskillful and committed acts and omissions which constituted medical negligence and medical malpractice in connection with the medical and diagnostic care rendered to MARIA MOREL, in the following manner: in failing to properly and timely diagnose or detect MARIA MOREL's pancreatic cancer and in causing unreasonable delays in treatment; in failing to timely appreciate and respond to the signs and symptoms which the plaintiff exhibited; in causing unreasonable delays in the diagnosis and treatment of plaintiff's pancreatic cancer; in causing delays which permitted plaintiff's pancreatic cancer to progress and become more advanced; in failing to take into consideration the plaintiff's clinical information; in failing to take the proper steps and procedures to determine the condition

of plaintiff's pancreas and related anatomic structures and tissues; in failing to timely undertake reasonable precautions to protect and maintain the health of plaintiff's pancreas and related anatomic structures and tissues; in failing to provide proper medical and diagnostic care and work up; in failing to promptly and timely order, recommend, prescribe and/or arrange for other diagnostic testing of the pancreas and in failing to refer plaintiff for specialized care; in failing to treat the plaintiff for her true condition; in rendering medical and/or diagnostic care without the proper skill and safety; in providing poor and substandard medical and diagnostic care; in failing to timely take the proper steps and procedures to determine the condition of plaintiff's pancreas; in failing to properly interpret or read the images on diagnostic tests and scans and in ignoring or failing to appreciate images present on those films; in failing to timely and appropriately order the necessary and indicated consultations with the appropriate specialists; in failing to recognize the signs and symptoms of pancreatic cancer; in delaying the undertaking of timely, proper and indicated intervention, which led to a significant delay in the inception of treatment and a missed opportunity to initiate treatment at an earlier time when there was a better chance for it to be effective; in ignoring or failing to timely notice, appreciate and/or to act upon the signs and symptoms, which were present at or about the time of plaintiff's treatment; in failing to timely undertake and order, recommend, prescribe and/or arrange for additional diagnostic testing and/or specialized consultations and/or tests, which were indicated under the circumstances; in causing delays which resulted in a significant diminution of the chance to have effective treatment and remission; and in failing to adhere to the standards of good and accepted medical practice, care and treatment, which were prevailing in the medical community.

20. That as a direct and proximate result of the medical negligence, medical malpractice and substandard medical treatment of the defendants, UNITED STATES OF

AMERICA, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER, BHUPENDRA WAGLEY, M.D. and/or those acting on their behalf, plaintiff, MARIA MOREL, was caused to sustain severe and permanent personal injuries and complications, of a painful and disabling nature, which caused her to endure conscious pain and suffering, including but not limited to pancreatic cancer, diminished prognosis, hospitalization, physical impairment, great pain, agony, mental anguish, emotional distress and surgical intervention. This includes the loss of the opportunity to treat a cancerous condition at a significantly earlier stage and to obtain a better prognosis and treatment options.

21. That as a consequence of the foregoing, plaintiff, MARIA MOREL sustained damages and requests an award of money damages in the amount of FIFTEEN MILLION and 00/100 ($15,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL OF THE DEFENDANTS BASED ON SECTION 2805-d OF THE PUBLIC HEALTH LAW

22. Plaintiff repeats and realleges each and every allegation of the first cause of action as if fully set forth herein at length.

23. That as part of the above medical and diagnostic treatment, which was rendered to plaintiff, MARIA MOREL by defendants UNITED STATES OF AMERICA, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER, BHUPENDRA WAGLEY, M.D. and and/or those acting on their behalf, the plaintiff alleges a cause of action based upon a lack of informed consent, arising from said defendants' acts and omissions and their failure to comply with what is required by section 2805-d of the Public Health Law of the State of New York.

24. That in connection with the medical and diagnostic treatment rendered to the plaintiff, MARIA MOREL by defendants UNITED STATES OF AMERICA, FAMILY

6

HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER, BHUPENDRA WAGLEY, M.D. and/or those acting on their behalf, failed to adequately disclose the material risks, benefits, and alternatives to the medical care, which a reasonable medical practitioner/facility under similar circumstances would have disclosed, in a manner permitting the plaintiff to make a knowledgeable evaluation, such that a reasonable prudent person in the plaintiff's position would not have undergone the treatment and/or care had she been so fully informed by the defendants or those acting on their behalf for this purpose.

25. That as a consequence of her not having been given qualitative information to permit reasonable decision making on the topic of the medical and diagnostic care and treatment, plaintiff MARIA MOREL was wrongfully deprived of the ability to decide upon and reject her undergoing the care and treatment rendered, and thereby suffered damages and injuries, and the plaintiff therefor has a cause of action against the defendants for the plaintiff being deprived of the ability to render informed consent.

26. That as a direct and proximate result of her lack of informed consent, as a result of the acts and omissions of the defendants and those acting on their behalf, plaintiff MARIA MOREL, was caused to sustain severe and permanent personal injuries and complications, of a painful and disabling nature, which caused her to endure conscious pain and suffering, including but not limited to pancreatic cancer, diminished prognosis, hospitalization, physical impairment, great pain, agony, mental anguish, emotional distress and surgical intervention. This includes the loss of the opportunity to treat a cancerous condition at a significantly earlier stage and to obtain a better prognosis and treatment options.

27.   That as a consequence of the foregoing, plaintiff, MARIA MOREL sustained damages and requests an award of money damages in the amount of FIVE MILLION and 00/100 ($5,000,000.00) DOLLARS.

**WHEREFORE**, the Plaintiff demands that a judgment be entered against the defendants, both jointly and separately, based upon each of the causes of action set forth herein and awarding the plaintiff the costs and disbursements of this action and granting to the plaintiff such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
October 3, 2018

Yours, etc.,

SILVER & KELMACHTER, LLP

By: _____
Perry D. Silver, Esq. (PDS7710)
Attorneys for Plaintiff
11 Park Place, Suite 1214
New York, New York 10007
(212) 661-8400

## VERIFICATION

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

**PERRY D. SILVER, ESQ.**, an attorney at law, does affirm as follows under the penalties of perjury:

That your affirmant is the attorney for the plaintiff in the within action; your affirmant has read the foregoing **SUMMONS AND COMPLAINT** and knows the contents thereof; that same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true and the reason that this verification is not made by the plaintiff and is made by your affirmant is that the plaintiff does not presently reside in the county where the attorneys for the plaintiff maintains their office, such that the verification can be made by an attorney as per CPLR 3020(d)(3).

Affirmant further says that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from records and from investigation made on behalf of said plaintiff.

Dated: New York, New York
       October 3, 2018

_____
PERRY S. SILVER