UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK (BROOKLYN)

MIGUEL MOREL, Administrator of
the Estate of Maria Morel,                Case No. 1:18-cv-05547-DG-MMH

              Plaintiff,

v.                                        Brooklyn, New York
                                          December 19, 2024
UNITED STATES OF AMERICA, et              9:32 a.m.
al,

              Defendants.

TRANSCRIPT OF TELEPHONE STATUS CONFERENCE HEARING
BEFORE THE HONORABLE MARCIA M. HENRY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Frances L. Garfinkel, Esq.<br>Silver & Kelmachter, LLP<br>11 Park Place<br>Suite 1503<br>New York, NY 10007 |
| For the Defendant:<br>(United States of America) | Rachel G. Balaban, Esq.<br>U.S. Attorney's Office<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 |
| Clerk: | SY |
| Court Recorder: | Electronic Sound Recording |
| Transcription Service: | Chris Hwang<br>Abba Reporting<br>PO Box 223282<br>Chantilly, Virginia  20153<br>(518) 302-6772 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

(Call to order at 9:32 a.m.)

THE CLERK:  Civil cause for a status conference in 18-CV-5547, Morel v. United States of America, et al.

As a reminder pursuant to Local Civil Rule 1.8, the parties may not independently record any court proceedings. Violations may result in sanctions, including but not limited restricted entry or denial of entry to future hearings or any other sanctions deemed necessary by the Court.  A transcript of this proceeding may be ordered from the Clerk's Office.

With that being said, could counsel please state their appearance for the record, starting with the Plaintiff?

MS. GARFINKEL:  Frances L. Garfinkel from Silver & Kelmachter for the Plaintiff.

THE COURT:  Good morning.

MS. GARFINKEL:  Good morning.

MS. BALABAN:  Good morning, Your Honor, Rachel Balaban from the U.S. Attorney's Office for the United States.

THE COURT:  Good morning.  We are here for a status conference in this case.  At the last status conference on October 29th, we talked about the issues regarding counsel's ability to reach the Plaintiffs and the status of the underlying state court action.

Ms. Garfinkel, what is the latest regarding all of the above?

MS. GARFINKEL:  Well, Your Honor, I have made contact

with the Plaintiffs.  We have scheduled depositions.  I don't recall if my motion to extend my note of issue date had been granted as of our last conference on October 29th, but I have a brand new order that allows for me to file a note of issue next November.  I have no intention of waiting that long.

THE COURT:  I'm sorry, November 2025?

MS. GARFINKEL:  Yes, but hear me out a minute.  It's a strange procedure in the final note of issue conference part in Supreme Court Kings County.

So what happens if you need an extension of your note of issue, depending upon whether there was a conference or it's the actual date is to -- you make a motion.

If it's -- there's a conference, you just submit an order and they give you a new note of issue date.  If you're making a motion, then Judge Ruchelsman will grant your motion and issue his own discovery order.  He'll give you a new note of issue date approximately a year after the decision date.  And he will give you dates to complete discovery, including depositions.

In Judge Ruchelsman's deposition schedule and I -- and Ms. Balaban and I conferred yesterday, so that she would know where I was before we got here today.  So some of the -- so Judge Ruchelsman had no idea who was deposed and who wasn't.  So his order includes dates for depositions that have already been held.

As of this point, it is the two distributees, one, you know, the Plaintiff's administrator, one his brother, and two doctors who I designated previously in the state court case.

THE COURT:  Dr. Wagley [WAEG/LEE] or Wagley [WAG/LEE]?

MS. GARFINKEL:  No, Dr. Wagley, the way that we had discussed Dr. Wagley -- well, I don't know if I'm actually going to get the two doctors, all right?  I designated them and I am going to find out if they're still currently employed or if they're not employed any more.

If they're not employed any more --

THE COURT:  Is that something that we discussed at the last conference that you were going to determine whether or not they were employed or not?  It was to -- you're calling them institutional witnesses, but that was --

MS. GARFINKEL:  Yes.

THE COURT:  -- something that you were supposed to confirm by this conference.

MS. GARFINKEL:  Yes.

THE COURT:  And my concern here is when you tell me that you now have a discovery date in November of 2025 for your state court action, that concerns me because this case has been going on here in federal court for quite some time, which is what we always talk about in these conferences.  And I'm trying

to understand at what point we can say that this action in this Court does not need to continue.  '

MS. GARFINKEL:  What I'm trying to tell you, except I'm coughing I apologize, what I'm trying to explain, Your Honor, is it's I don't -- we're not going to go that far out. I believe that we will be concluding by March or April of 2025.

THE COURT:  You believe that you'll be concluding your discovery by March or April of 2025 in the state court action?

MS. GARFINKEL:  Yes.

THE COURT:  Including the deposition of the Plaintiff, Daniel Morel, and the two witnesses that you were just discussing?

MS. GARFINKEL:  Yes, I do.  Because if they're not currently employed, I can file my note of issue and just subpoena them as nonparties.  And they can be produced after the note of issue.  That is how Judge Ruchelsman structured his decision.

THE COURT:  Can you just tell me the names of these two witnesses or do you not know?

MS. GARFINKEL:  No, I can tell you just one minute. One is Dr. Coopersmith (phonetic) and the other, sorry, they're both witnesses from the Brooklyn Radiology Group.  Bear with me.  I had it.  A Harvey Coopersmith and a Tim Richardson (phonetic).

THE COURT:  Okay, so the question is whether or not they're still employed by?

MS. GARFINKEL:  The Brooklyn Radiology Group.

THE COURT:  Okay.  And if they are not, then you're going to subpoena them.  If they are, then what?

MS. GARFINKEL:  If they're still employed, and again, I will re-visit the need for these witnesses, but if they are currently employed, then I will depose them by March or April of this year.

We're fully cognizant of the fact that this case has taken way too long in both courts.  And we want to just wrap it up as soon as possible.

THE COURT:  Okay.  All right, thank you.

Ms. Balaban?

MS. BALABAN:  Sure, Your Honor.  So, yes, I have reached out the Plaintiff's counsel in advance of this to understand where they were with the state court action and to see if, you know, there was an appetite to dismiss the federal court action at this time given the amount of time that's transpired.

And you know, my understanding that the Plaintiff does not believe that there was any, you know, malpractice or anything to substantiate a claim against the United States.

So we did meet and confer on that and she explained as she did to Your Honor that you know, there that was this

November 2025 related issue, but that she hoped to wrap up the discovery by March or April 2025.

So, you know, while I think that the federal court action at this point should be dismissed, you know, my predecessor counsel has agreed to a stay I think at least until the discovery was complete in the state court action.

And you asked have we met and conferred, I -- you know, I think we're willing to, you know, at least give it a couple of more months till, you know, March or early April to, you know, make perhaps have another conference at that point.

And if the discovery is complete and, you know, I think at that point in time, the federal court action would be ripe for dismissal.

And, you know, if not, then you may -- the Government, you know, I think at that point may need to more seriously consider, you know, moving to dismiss the federal court action for failure to prosecute because you know, I don't think it makes sense to have the federal court action just, you know, lingering for any, you know, meaningful length of time additionally, the time at this point.

THE COURT:  I agree.  So here's what I'm going to do. I'm going to set another status conference, but this time, I'm going to set it for a date in March, because Ms. Garfinkel, you had indicated that you believe that much of this discovery will be completed in March or April and that's a quote from you.

I think you really need to work to get it done by the time of the next status conference in this case or else I'm going to be more than willing to hear from the Government as to further reasons as to why this action should be dismissed, this federal court action.

Now that is something that is within the purview of the district judge in this case, but I can certainly provide an *sua sponte* report and recommendation if necessary, laying out the history of this case and the fact that it doesn't make sense, I think Ms. Balaban I think put it correctly, that this case should linger here in federal court.

MS. GARFINKEL:  Your Honor, I had one about Dr. Wagley, because it had been previously been contemplated that, excuse me, that we would depose him after all of the state depositions were completed.

And the Government was not willing to produce Dr. Wagley voluntarily and said that I would have to subpoena Dr. Wagley.

But I thought that perhaps I could try to depose Dr. Wagley to fit Dr. Wagley into discovery -- the deposition schedule, you know, I would serve a subpoena and schedule Dr. Wagley for whenever it was convenient for the Government and Dr. Wagley regardless of which of the other witnesses had been completed, just so that I could get it done and have one more step, you know, one more step in my ladder so to speak toward

completion.  Would that be something that would be agreeable to the Court and counsel?

THE COURT:  I feel like this has come up before.  And I thought that the issue here was that there was not going to be any additional discovery in this case, but Ms. Balaban?

MS. BALABAN:  Sure, and I actually had reached out to predecessor counsel on that point because counsel did raise that with me yesterday, just trying to understand the (indiscernible) of that in the past.

So I -- my understanding is that there should be no, you know, discovery in the federal court case.  That was the agreement.  And I think that was based on, you know, failure to take discovery earlier on in the case.

So that would apply to Dr. Wagley, but to the extent, and I think this is what Plaintiff's counsel means, to the extent they believe it's necessary to depose Dr. Wagley in the state court case as a, you know, outside third-party, the proper procedure there would be to send us a Touhy request, you know, explaining pursuant to the Touhy regulations what the nature of the testimony would be and why it's necessary.

And we would, of course, you know, review that and take that under advisement and, you know, and respond.  So that would be the proper procedure should Plaintiff's counsel believe that Dr. Wagley's deposition is necessary for the state court case.

MS. GARFINKEL:  I'd like to add something.  Your Honor, it did come up before.  And it came up during an in-person conference before Your Honor with myself and Melanie Speight, who was predecessor to Ms. Balaban and --

THE COURT:  Correct.

MS. GARFINKEL:  -- when I mentioned discovery, you reminded me that because of issues with my predecessors, that there was to be no discovery in the federal action.

However, because we noticed the deposition of Dr. Wagley prior to the order indicating that there would be no further discovery, that we would be allowed to take the doctor's deposition.

However, it was my understanding based on that appearance, I would still have to serve a subpoena or some other, you know, form of notice on the Government to take Dr. Wagley's deposition.

THE COURT:  So I'm looking at the minute entry for the proceeding that you're referring to that happened on June 2nd, 2023.

And it says, quote, as stated on the record Plaintiff's application to lift the discovery stay to which the Defense objects is denied, fact discovery ended in this matter on January 31st, 2020 due to Plaintiff's failure to cooperate in discovery.  See December 2, 2019 minute entry and order.  Discovery in the state court action remains ongoing.

So, again, I'm not -- without the transcript, I couldn't say one way or the other, but based on what I wrote in my minute entry and order, I think Ms. Balaban's recitation of the facts is correct.

And if that's the case, then yes, you would need to go through the Touhy request process or the Touhy notification process in order to depose Dr. Wagley or Wagley.

MS. GARFINKEL:  Okay.  Understood, Your Honor.  Thank you.

THE COURT:  Okay, so to recap, you've indicated that you were going to complete these four depositions of Dr. Coopersmith, Dr. Richardson, the Plaintiff, and Daniel Morel in the state court action by March or April 2025.  And you indicated that you want to depose Dr. Wagley.

In order to do that, you're going to have to initiate the or send a Touhy request and have the Government evaluate that.

So I -- as a procedural matter, I am not managing discovery in the state court action, but as I said, I'm going to set a conference date in this case for late March.

And if the majority of these tasks have not been completed by then, then we're going to have a serious discussion about the Government's arguments regarding a request to dismiss this case for failure to prosecute.

MS. GARFINKEL:  Understood.

THE COURT: Let me find a date for a telephone conference. Tuesday, March 25th at 10:00 a.m.

MS. GARFINKEL: Hold on.

MS. BALABAN: That sounds fine for Defendant's counsel, Your Honor.

THE COURT: Thank you.

MS. GARFINKEL: Let's see. I apologize -- I'm -- oh. No, wait, actually, the 25th is not so good for me. Would we be able to do it either the week before or the week after?

THE COURT: Ms. Balaban, any objection to the follow week?

MS. BALABAN: No, that's fine. And hopefully at that point, you know, all discovery will be wrapped up in the state court case.

THE COURT: Sure.

MS. GARFINKEL: Thank you, Ms. Balaban.

THE COURT: Let me find a date the following week. Wednesday, April 2nd at 2:30 p.m.?

MS. GARFINKEL: That works. Thank you, Your Honor.

MS. BALABAN: That's fine for the Government. Thank you.

THE COURT: All right, so Wednesday April 2nd at 2:30 p.m.

And Ms. Garfinkel, just to make sure we're on track until then, I would actually like a written status report from

you in February?  So please submit that by February 7th, because again, that gives you approximately six weeks to get the ball rolling on or complete some portion of the tasks that we have been discussing.

MS. GARFINKEL:  Thank you, Your Honor.  I'll put in that in the calendar right now.

THE COURT:  Okay.  Thank you.  All right, anything else Ms. Garfinkel?

MS. GARFINKEL:  Nothing right now.

THE COURT:  Sure.

Ms. Balaban?

MS. BALABAN:  No Your Honor.  Thank you.

THE COURT:  Then we are adjourned.  And I wish each of you and your families a very happy holiday season.

MS. GARFINKEL:  Thank you, you, too, Your Honor.

You, too, Rachel.

MS. BALABAN:  Yes, thank you to both of you.  Take care.

MS. GARFINKEL:  We'll be in touch.  Bye bye.

(Proceedings concluded at 9:52 a.m.)

**CERTIFICATE**

I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ *Chris Hwang*
_____          <u>March 31, 2025</u>

Chris Hwang                  Date

Court Reporter